UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEMOND MEEKS,

                        Plaintiff,

-against-

THE CITY OF ROCHESTER, ALEXIS ORTIZ, TYLER COUCH, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present),

                       Defendants.

22-cv-6163 (EAW)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. §§ 1446 and 1447 AND FOR COSTS AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c).

**Elliot D. Shields, Esq.**
**ROTH & ROTH, LLP**
**192 Lexington Avenue, Suite 802**
**New York, New York 10016**
**(212) 425-1020**

Plaintiff New York State Assemblyman Demond Meeks ("Plaintiff" or "Assemblyman Meeks") respectfully submits this Memorandum of Law in support of his motion to Remand this action to the Supreme Court of New York, County of Monroe, under 28 U.S.C. §§ 1446 and 1447, and for costs and attorney's fees in bringing the instant motion pursuant to 28 U.S.C. § 1447(c).

## PRELIMINARY STATEMENT

This case must be remanded for several reasons. First, this Court lacks jurisdiction over this action because the Amended Complaint does not include any claims under federal law. Second, the Notice of Removal was filed 11 weeks late. Third, Defendants failed to comply with the strict procedural requirements of 28 U.S.C. § 1446 and Local Rule 81 of the Local Rules of Civil Procedure for the Western District of New York (the "Local Rules") by failing to include copies of each document filed and/or served in the state court action—namely, the City failed to file the Amended Complaint and the affidavits of service for the Original Complaint with its Notice of Removal.

Because the City's Notice of Removal is frivolous and was clearly filed in bad faith, Assemblyman Meeks respectfully submits that the Court must remand back to state court pursuant to 28 U.S.C. §§ 1446 and 1447 and should also grant him costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

## PERTINENT FACTS

On December 8, 2021, Plaintiff commenced this action against the City of Rochester, Alexis Ortiz, Tyler Couch and "John Doe Police Officers 1-200" (names and number of whom are unknown at present), by filing a Summons and Verified Complaint in the Supreme Court of the State of New York for the County of Monroe, Index No. E2021010968. (The "Original

Complaint" is annexed to the Shields as Exhibit "A") The original complaint included causes of action under both New York State Law and 42 U.S.C. § 1983. (See *id*.)

All defendants were properly served with the Original Complaint on December 15, 2021 and December 17, 2021. (Exhibits "B", "C" and "D" to the Shields Decl.)

The City defendants never answered the original Complaint. (See printout of the Supreme Court docket, Index No. E2021010968, annexed to the Shields Decl. as Exhibit "E")

On March 14, 2022, Assemblyman Meeks filed an Amended Complaint in Supreme Court, which only asserted claims under New York State law. (Amended Complaint annexed to Shields Decl. as Exhibit "F")

On April 5, 2022, Defendants, through their counsel, Spencer Ash, filed a Notice of Removal. (ECF 1 to 1-4) The notice of removal did not include an index that identified "each document filed and/or served in the state court," as required by Local Rule 81(a)(3)(A). The notice of removal did not include "each document filed and/or served in the state court action, individually tabbed and arranged in chronological order", as required by Local Rule 81(a)(3)(B). Specifically, the notice of removal omitted all the affidavits of service that were filed in the state court and it omitted the Amended Complaint.

On April 5, 2022, after the Notice of Removal was filed, your undersigned immediately sent Mr. Ash an email that attached the Amended Complaint, informed him the case was improperly removed, and requesting that he inform the Court of his error. (Exhibit "G" to Shields Decl)

Mr. Ash refused, and instead claimed that he was confused and believed the Amended Complaint pled a cause of action under federal law, and told me that I should file an amended complaint to fix his error. (Exhibit "H" to Shields Decl).

After emailing Mr. Ash the Amended Complaint on April 5, 2022 and requesting he inform the Court of his error, he inexplicably filed a purported answer to the Original Complaint on April 6, 2022. ECF 2. Notably, the answer states that defendants "hereby answer the Plaintiff's Complaint as follows", and only references the "Complaint" and not the "Amended Complaint". ECF 2.

Thereafter, Mr. Ash filed a letter with the Court on April 6, 2020, claiming that they had filed an answer to the Amended Complaint. ECF 3. In the letter, Mr. Ash claims that "[t]he original Complaint was inadvertently added to the Notice of Removal. This matter has been removed to federal court because Plaintiff has set forth a cause of action for Failure to Intervene, which is a federal cause of action." ECF 3. The letter enclosed a copy of the Amended Complaint but did not provide any explanation for the material misrepresentations and omissions in the City's Notice of Removal, or its failure to include copies of the Amended Complaint or the affidavits of service with the Notice of Removal.

## **APPLICABLE LAW**

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). Thus, "all doubts should be resolved in favor of remand." *Leslie* v. *BancTec Service Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (internal quotations and citations omitted).

When removal is challenged, the removing party "has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "Such an approach is

warranted because removal abridges the deference courts generally give to a plaintiff's choice of forum." *Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank*, N.A., No. 14-CV-1936 (ER), 2015 WL 1433320, at *3 (S.D.N.Y. Mar. 30, 2015) (quotations and citations omitted). Thus, the removing party must demonstrate "compliance with the statutory requirements." *Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (*quoting Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324–25 (E.D.N.Y. 1998)). "There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Id.*; *see also L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *3 (S.D.N.Y. Mar. 31, 2017).

## ARGUMENT

I. **THE COURT SHOULD REMAND THIS ACTION BECAUSE IT LACKS JURISDICTION AS THE AMENDED COMPLAINT DOES NOT CONTAIN ANY CLAIMS UNDER FEDERAL LAW**

This case must be remanded to state court because the Amended Complaint contains no federal causes of action, and so this Court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. However, where removal is predicated upon federal question jurisdiction, the "well-pleaded complaint rule" governs. *Caterpillar Inc*. v. *Williams*, 482 U.S. 386, 392 (1987) (citing *Gully* v.

4

*First National Bank*, 299 U.S. 109, 112–13 [1936] ). In other words, "a case may be filed in federal court only if a federal question appears on the face of the plaintiff's 'well-pleaded-complaint.' " *Hernandez* v. *Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir.1997). The Supreme Court has held that this rule "severely limits the number of cases in which state law creates the cause of action that may be initiated in or remanded to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd*. v. *Const. Laborers Vac. Trust*, 463 U.S. 1, 9–10 (1983).

Moreover, the law is clear that "[a]ny doubts as to federal jurisdiction are to be resolved against removal." *Licciardi* v. *City of Rochester*, No. 10-CV-6165-CJS, 2010 WL 4116732, at *4 (W.D.N.Y. Oct. 19, 2010) (quoting *Hamilton* v. Hertz Corp., 607 F.Supp. 1371, 1374 (S.D.N.Y.1985)).

While the Original Complaint contained causes of action under 42 U.S.C. § 1983, the Amended Complaint does not contain any causes of action under federal law. The Amended Complaint completely supplanted and replaced the Original Complaint filed in State Court. It is clearly established under state law that once an amended pleading has been served in an action, "it supersede[s] the original complaint and [becomes] the only complaint in the case." *Halmar Distributors, Inc. v. Approved Manufacturing Corp.,* 49 A.D.2d 841, 841, 373 N.Y.S.2d 599 [1st Dept.1975] (citing *Branower & Son v. Waldes,* 173 App.Div. 676, 160 N.Y.S. 168 [1st Dept 1916]) Thereafter, "the action ... must proceed as though the original pleading had never been served." (*Id.*)

The City misled this court by failing to file the Amended Complaint with its Notice of Removal. This constitutes a misrepresentation by omission, because the Amended Complaint contains no causes of action under federal law, and so this Court lacks original jurisdiction.

Moreover, Mr. Ash's assertion that the "failure to intervene" claim in the Amended Complaint arises under federal law is belied by the face of the pleadings. ECF 3. In the Original Complaint, the Seventh Cause of Action is entitled "Failure to Intervene Pursuant to 42 U.S.C. § 1983". ECF 1-2 at page 13 of 28.

In contrast, the Fourth Cause of Action in the Amended Complaint is simply entitled "Failure to Intervene", does not mention § 1983 or the United States Constitution in any way, and states that "Defendant City is liable under *respondeat superior* for the actions of its employees within the scope of their employment." Exhibit "F" to Shields Decl. As the City well knows, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell* v. *Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Thus, on its face, the Amended Complaint clearly does not plead any claims under federal law.

Because the Amended Complaint contains no causes of action under federal law, this Court lacks jurisdiction over this matter and the case must be remanded to state court.

## II. THE COURT SHOULD REMAND THIS ACTION BECAUSE THE NOTICE OF REMOVAL WAS 11 WEEKS LATE

Pursuant to 28 U.S.C. § 1446(b)(1): "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

"Whether a case is removable according to the initial pleading depends on whether the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal defendant can make a short and plain statement of the facts which entitle it to remove as required in 28 U.S.C. § 1446(a)." *Richstone* v. *Chubb Colonial Life Ins.*, 988 F.Supp. 401, 402-03 (S.D.N.Y.1997)

Here, all defendants were served with the initial pleading—Original Complaint—on December 15, 2021 and December 17, 2021. (Exhibits "B" to "D" to Shields Decl.) The original complaint contained claims under 42 U.S.C. § 1983. Thus, the Notice of Removal was due on or before January 17, 2022. Defendants did not file the Notice of Removal until April 5, 2021—11 weeks late.

Notably, in Mr. Ash's April 6, 2022 letter to the Court, he claims that the Notice of Removal was based on the Amended Complaint. ECF 3. This constitutes an admission that the Notice of Removal was untimely and filed in a procedurally improper manner, because 28 U.S.C. § 1446(b)(1) requires that the Notice of Removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading*." 28 U.S.C. § 1446(b)(1). (emphasis added)

Assemblyman Meeks never provided Defendants an extension of time to file the notice of removal. Even if the Amended Complaint contained causes of action under federal law—which it does not—the Notice of Removal would still be untimely because Defendants did not file the Notice of Removal within 30 days of service of the "initial pleading"—the Original Complaint.

For these reasons, Assemblyman Meeks respectfully submits his case must be remanded to state court because Defendants Notice of Removal was filed 11 weeks late.

**III. THE COURT SHOULD REMAND THIS ACTION BECAUSE DEFENDANTS VIOLATED 28 U.S.C. § 1446(a) and LOCAL RULE 81**

The Court should also remand this case because the City failed to comply with the strict procedural requirements mandated by 28 U.S.C. § 1446(a) and Local Rule 81—namely, it failed to include the affidavits of service and the Amended Complaint with the notice of removal.

Pursuant to 28 U.S.C. § 1446(a): "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district

7

and division within which such action is pending a notice of removal *signed pursuant to Rule 11 of the Federal Rules of Civil Procedure* and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). (emphasis added)

Local Rule 81(a)(3)(A) requires that the notice of removal include an index that identified "each document filed and/or served in the state court."

Local Rule 81(a)(3)(B) requires that the notice of removal include "each document filed and/or served in the state court action, individually tabbed and arranged in chronological order."

Here, defendants counsel, Spencer Ash, violated 28 U.S.C. § 1446(a) because he "signed [the Notice of Removal] pursuant to Rule 11 of the Federal Rules of Civil Procedure" but he failed to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Mr. Ash also violated Local Rule 81(a)(3)(A) and (B) because it did not file any of the affidavits of service or the Amended Complaint that were filed in the Supreme Court, and did not list any of these documents in the Index. *Compare* ECF 1-1 *with* Exhibit "E" to Shields Decl.

Assemblyman Meeks respectfully submits that the City's failure to comply with these strict procedural mandates requires that this action be remanded to state court.

## IV. THE COURT SHOULD GRANT PLAINTIFF ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)

Assemblyman Meeks also moves pursuant to 28 U.S.C. § 1447(c) to recover his costs and attorney's fees incurred in seeking to remand this case. Section 1447(c) provides that an "order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Assessment of costs and fees against the removing defendants is within the discretion of the court and does not require a

finding of bad faith or frivolity. *See Morgan Guar. Trust Co.* v. *Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992).

Assemblyman Meeks submits that costs and attorney's fees are appropriate here because Defendants' notice of removal was frivolous and apparently filed in bad faith. There is no other explanation for why the City would fail to file copies of the affidavits of service and Amended Complaint with their Notice of removal; or for why defendants filed the Notice of Removal 11 weeks late.

Moreover, Defendants were in default in state court. Plaintiff provided Defendants an extension to answer the Amended Complaint in this matter to April 4, 2022. Instead of timely answering the Amended Complaint in state court by April 4, 2022, the City defaulted, then filed the Notice of Removal on April 5, 2022, which did not attach the affidavits of service or the Amended Complaint from state court.

The fact that Defendants did not file the Amended Complaint with the Notice of Removal suggests that Defendants were acting in bad faith and attempting to hide the fact that this Court lacks jurisdiction.

The fact that Defendants did not file the affidavits of service from the state court docket suggests that they knew their notice of removal was untimely, but they attempted to improperly remove this action anyways.

In a case involving much less egregious conduct, Judge Siragusa awarded a plaintiff costs and attorney's fees against the City of Rochester. *Licciardi* v. *City of Rochester*, No. 10-CV-6165-CJS, 2010 WL 4116732, at *5 (W.D.N.Y. Oct. 19, 2010). In that case, Judge Siragusa found that the Notice of Removal was procedurally defective because it was filed 35 days after the City received Plaintiff's summons with notice, which put the City on notice that plaintiff was

asserting claims under federal law. *Id*. at * 4. Judge Siragusa also found that the City's assertion that the Notice of Removal was timely filed "clearly … [was] not true" and was a "false representation to the Court." *Id*.

Here, the City made even more egregious false representations to the Court:

(1) it failed to inform the Court that Plaintiff had filed an Amended Complaint that did not contain any claims under federal law;

(2) it failed to file the affidavits of service for the Original Complaint, demonstrate that the Notice of Removal was 11 weeks late;

(3) it failed to inform the Court that it was in default in failing to timely answer in state court;

(4) it claimed in the notice of removal that "Plaintiff's suit is brought pursuant to 42 U.S.C. § 1983, alleging that defendants have deprived plaintiff of his federal rights"; and

(5) it claimed in the notice of removal that "[t]his Court has original jurisdiction over plaintiff's lawsuit".

As noted by Judge Siragusa in *Licciardi*, these false representations constitute a violation of the good faith requirements of Federal Rule of Civil Procedure 11, which provides a basis to remand the case to state court and to award the plaintiff costs and attorney's fees. *Id*. at 4-5.

For all of these reasons, Assemblyman Meeks respectfully requests that the Court enter an order holding that he is entitled to an award of costs and attorney's fees and permitting your undersigned to submit a fee application within 30 days of entry of said order.

## CONCLUSION

The City's Notice of Removal was clearly filed in bad faith. The City was served with the Amended Complaint on March 14, 2022. On March 21, 2022, your undersigned requested that Mr. Ash file his answer to the Amended Complaint by April 4, 2022. Instead, Mr. Ash filed the Notice of Removal without attaching the Amended Complaint or referencing it in any way, which was clearly an attempt to hide the fact that this Court lacks jurisdiction in this case.

For all of these reasons, Assemblyman Meeks respectfully requests that the Court enter an order (1) remanding this case to state court, (2) directing that the City of Rochester must pay his costs and attorney's fees in being force to bring this motion for remand, (3) permitting yoru undersigned to file a fee application within 30 days of entry of said order, and (4) for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      April 6, 2022

Respectfully Submitted,  
ROTH & ROTH LLP

By: _____~/s/~_____  
Elliot Dolby Shields, Esq.  
*Counsel for Plaintiff*  
192 Lexington Ave, Suite 802  
New York, New York 10016  
Ph: (212) 425-1020