UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMOND MEEKS,<br><br>              Plaintiff,<br><br>    -against-<br><br>THE CITY OF ROCHESTER, ALEXIS ORTIZ, TYLER COUCH, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present),<br><br>              Defendants. | 22-cv-6163 (EAW) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. §§ 1446 and 1447 AND FOR COSTS AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c).**

**Elliot D. Shields, Esq.**
**ROTH & ROTH, LLP**
**192 Lexington Avenue, Suite 802**
**New York, New York 10016**
**(212) 425-1020**

# ARGUMENT

**I. THE CITY'S OPPOSITION FURTHER DEMONSTRATES THAT IT FAILED TO CONDUCT AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES AND PROVIDES NO EXCUSE FOR FAILING TO COMPLY THE PROCEDURAL REQUIREMENTS—WHICH SUPPORTS ASSEMBLYMAN MEEKS' REQUEST FOR COSTS AND ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c).**

In its opposition to Assemblyman Meeks' motion to remand, the City, further demonstrates that before filing the Notice of Removal, the its counsel, Spencer Ash, failed to conduct "an inquiry reasonable under the circumstances" as required by 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11. In fact, the papers demonstrate a cavalier disregard for the Federal Rules of Civil Procedure and the Local Rules for the Western District of New York, and further support Assemblyman Meeks' request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c).

First, a reasonable inquiry under the circumstances here would have included reading and understanding the requirements of 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules for the Western District of New York ("the Rules") which require that "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" 28 U.S.C. § 1446(a), and that a copy of "each document filed and/or served in the state court action, individually tabbed and arranged in chronological order," Local Rule 81, be filed along with the Notice of Removal.

Second, a reasonable inquiry would have included reviewing the state court docket, gathering all the documents filed there, and reviewing them.

Third, the reasonable inquiry under the circumstances of this case would have included reviewing the amended complaint—which would have made it plainly obvious that there are no federal claims for relief. In comparing the original complaint to the amended complaint, it would have been plainly obvious that Assemblyman Meeks intentionally removed all of the federal causes of action from the pleading, and thus that the case was not removable.

Fourth, if Mr. Ash was "confused" after he reviewed the amended complaint as to whether the failure to intervene claim was pleaded under state or federal law—as Mr. Ash claims at ECF 5 ¶ 8—then he should have asked for clarification before filing the Notice of Removal.

Fifth, Mr. Ash's claim that the City "inadvertently" included the original complaint and not the amended complaint to the notice of removal, ECF 5 ¶ 10, is belied by the fact that the City also failed to attach all the other documents that were filed on the state court docket with the notice of removal. Instead, it appears that Mr. Ash simply failed to review the state court docket in any way prior to filing the notice of removal.

Lastly, the City has failed to cure the procedural defects in the Notice of Removal, which only included the original complaint and none of the other documents that were filed in the state court action.

The cavalier disregard for the Federal Rules of Civil Procedure and the Local Rules for the Western District of New York further demonstrate that Assemblyman Meeks is entitled to an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) are necessary as the City's notice of removal was completely frivolous, and thus Plaintiff's counsel should be compensated for the time wasted in being forced to make the instant motion to remand and respond to the meritless arguments in the City's opposition papers.

## II. THE CITY FAILED TO RESPOND TO ASSEMBLYMAN MEEKS' ARGUMENT THAT WHEN THERE ARE ANY DOUBTS AS TO FEDERAL JURISDICTION, THE CASE SHOULD BE REMANDED

In its opposition, the City claims it was "confused" as to whether the failure to intervene claim in the amended complaint was pleaded under state or federal law. This claim is completely meritless.

The City disregards and fails to respond to the argument in Assemblyman Meeks' underlying memorandum of law that a comparison of the original complaint to the amended complaint demonstrates that the claim in the amended complaint was clearly pleaded under state law. In the original complaint, the Seventh Cause of Action is entitled "Failure to Intervene Pursuant to 42 U.S.C. § 1983". ECF 1-2 at page 13 of 28. In contrast, the Fourth Cause of Action in the Amended Complaint is simply entitled "Failure to Intervene", does not mention § 1983 or the United States Constitution in any way, and states that "Defendant City is liable under *respondeat superior* for the actions of its employees within the scope of their employment." ECF 4-7. As the City well knows, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell* v. *Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

The City does not address this argument, which demonstrates that on its face, the amended complaint clearly does not plead any claims under federal law.

The City also ignores all the case law cited in Assemblyman Meeks' memorandum of law. Importantly, Mr. Ash's admission that he was "confused", ECF 5 ¶ 8, demonstrates that the case must be remanded, because the law is clear that "[a]ny doubts as to federal jurisdiction are to be resolved against removal." *Licciardi* v. *City of Rochester*, No. 10-CV-6165-CJS, 2010 WL 4116732, at *4 (W.D.N.Y. Oct. 19, 2010) (quoting *Hamilton* v. Hertz Corp., 607 F.Supp. 1371, 1374 (S.D.N.Y.1985)).

Because the amended complaint contains no causes of action under federal law, this Court lacks jurisdiction over this matter and the case must be remanded to state court.

### III. THE COURT SHOULD REMAND THIS ACTION BECAUSE THE NOTICE OF REMOVAL WAS 11 WEEKS LATE

If the City wanted to litigate this case in federal court, they were required to file the notice of removal within 30 days of receipt of the "initial pleading." 28 U.S.C. § 1446(b)(1). Plaintiff

chose state court as the venue for this lawsuit. Plaintiff provided defendants several extensions to file their answer, but never consented to an extension of the time to file the notice of removal. As the City points out in its papers, the City has removed numerous other cases that your undersigned's firm originally filed in state court, and thus, it should have known that if it was considering filing a notice of removal, it needed to specifically request an extension of time to do so.

Because all defendants were served with the initial pleading—Original Complaint—on December 15, 2021 and December 17, 2021. (ECF 4-3, 4-4, 4-5, and 4-6), the Notice of Removal was due on or before January 17, 2022. Thus, the Notice of Removal, which was filed on April 5, 2021, was 11 weeks late.

For these reasons, Assemblyman Meeks respectfully submits his case must be remanded to state court because Defendants Notice of Removal was filed 11 weeks late.

### IV. THE COURT SHOULD GRANT PLAINTIFF ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)

The City complains that Assemblyman Meeks has filed a motion for "sanctions." That is untrue. Instead, Assemblyman Meeks has moved pursuant to 28 U.S.C. § 1447(c) to recover his costs and attorney's fees incurred in seeking to remand this case. Section 1447(c) provides that an "order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

As detailed in the underlying motion, assessment of costs and fees against the removing defendants is within the discretion of the court and does not require a finding of bad faith or frivolity. *See Morgan Guar. Trust Co.* v. *Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992).

Assemblyman Meeks submits that costs and attorney's fees are appropriate here because Defendants' notice of removal was frivolous and has caused your undersigned to waste many hours

in drafting and filing the instant motion to remand and replying to the meritless arguments in the City's opposition papers.

For all of these reasons and the reasons detailed in the underlying motion, Assemblyman Meeks respectfully requests that the Court enter an order holding that he is entitled to an award of costs and attorney's fees and permitting your undersigned to submit a fee application within 30 days of entry of said order.

## **CONCLUSION**

For all of these reasons and the reasons detailed in the underlying motion, Assemblyman Meeks respectfully requests that the Court enter an order (1) remanding this case to state court, (2) holding that the City of Rochester must pay his costs and attorney's fees in being force to bring this motion for remand, (3) permitting your undersigned to file a fee application within 30 days of entry of said order, and (4) for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      April 13, 2022

Respectfully Submitted,  
ROTH & ROTH LLP

By: _____~/s/~_____  
Elliot Dolby Shields, Esq.  
*Counsel for Plaintiff*  
192 Lexington Ave, Suite 802  
New York, New York 10016  
Ph: (212) 425-1020