UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMOND MEEKS,

            Plaintiff,

    v.

CITY OF ROCHESTER, ALEXIS ORTIZ,
TYLER COUCH, and JOHN DOE
POLICE OFFICERS 1-200,

           Defendants.
_____

**DECISION AND ORDER**

6:22-CV-6163 EAW

# INTRODUCTION

Plaintiff Demond Meeks ("Plaintiff") commenced this action on December 8, 2021, in New York State Supreme Court, Monroe County. (Dkt. 1 at ¶ 1). Defendants City of Rochester (the "City"), Alexis Ortiz ("Ortiz"), and Tyler Couch ("Couch") (collectively "Removing Defendants") filed a notice of removal on April 5, 2022. (Dkt. 1). Presently before the Court is a motion to remand filed by Plaintiff. (Dkt. 4). Plaintiff further seeks attorney's fees and costs. (*Id.*). For the reasons that follow, the Court remands the case to state court and grants Plaintiff's request for attorney's fees and costs.

# PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this matter on December 8, 2021. (Dkt. 1 at ¶ 1). The City was served on December 15, 2021, and Ortiz and Couch were served on December 17, 2021. (Dkt. 4-3; Dkt. 4-4; Dkt. 4-5). Plaintiff filed an amended complaint on March 14, 2022. (Dkt. 4-7). Removing Defendants filed the notice of removal on April

5, 2022. (Dkt. 1). Removing Defendants did not include with the notice of removal a copy of the amended complaint or the affidavits of service filed in state court.

On April 5, 2022, Removing Defendants filed an answer. (Dkt. 2). On April 6, 2022, they filed a letter enclosing a copy of the amended complaint and indicating that the original complaint had inadvertently been attached to the notice of removal. (Dkt. 3).

Plaintiff filed the instant motion to remand and for attorney's fees and costs on April 6, 2022. (Dkt. 4). Removing Defendants filed their response on April 7, 2022 (Dkt. 5), and Plaintiff filed a reply on April 14, 2022 (Dkt. 11).

## DISCUSSION

**I.      Motion for Remand**

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269 (2d Cir. 1994)). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 119 n.2 (2d Cir. 2003).

"[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v.*

*Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, "the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise," *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000), and "any doubts as to removability should be resolved in favor of remand," *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

Here, Plaintiff argues that remand is warranted because: (1) the Court lacks subject matter jurisdiction; (2) the notice of removal was untimely; and (3) Removing Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446 and Local Rule of Civil Procedure 81 by not including copies of each document filed and/or served in the state court action. (Dkt. 4-10 at 2). For the reasons that follow, the Court agrees that it lacks subject matter jurisdiction and that the notice of removal was untimely. Remand is accordingly necessary. The Court thus need not and does not reach Plaintiff's other procedural arguments.

"[A] prerequisite for removal jurisdiction is that the court has the power to exercise original jurisdiction." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013). Here, the Court indisputably does not have diversity jurisdiction, and so the relevant inquiry is whether federal question jurisdiction exists pursuant to 28

U.S.C. § 1331.  "The Section 1331 federal question determination requires a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." *Id*.  Further, the federal question must be present at the time of removal. *See, e.g., Stevens v. Stevenson*, No. 21 CIV. 3590 (GBD), 2021 WL 1645891, at *2 (S.D.N.Y. Apr. 27, 2021); *Jean-Louis v. Carrington Mortg. Servs.*, No. 19-CV-04302, 2019 WL 5394570, at *2 (E.D.N.Y. Oct. 22, 2019).  "In determining whether removal based upon federal question jurisdiction is proper, the 'well-pleaded complaint rule' typically governs, which requires a court to consider only allegations in the complaint and not matters raised by the defendant in defense." *Barone v. Bausch & Lomb, Inc.*, 372 F. Supp. 3d 141, 146 (W.D.N.Y. 2019).

Here, Plaintiff's original complaint contained several federal causes of action. Specifically, Plaintiff asserted several claims pursuant to 42 U.S.C. § 1983.  (*See* Dkt. 1-2 at 9-15).  However, in the amended complaint—which was filed before the notice of removal—Plaintiff dropped all references to § 1983 and instead raised exclusively state law claims.  (Dkt. 3-1).

Removing Defendants contend that the fourth claim for relief contained in the amended complaint, which is for failure to intervene, raises a federal question.  (Dkt. 5 at ¶ 7 ("[T]he City's position is that [Plaintiff's counsel] has recasted a 42 USC § 1983 Failure to Intervene Claim as state law claim to avoid federal review.")).  However, nothing on the face of the amended complaint suggests that this is a federal cause of action—there is no invocation of "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

To the contrary, and as Plaintiff notes, this claim expressly asserts a *respondeat superior* theory of liability against the City, which is not available under federal law. (*See* Dkt. 3-1 at ¶ 80). Further, "[u]nder the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (explaining that "the paramount principles embodied in the well-pleaded complaint rule" are "that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"). In other words, even accepting the City's contention that Plaintiff redrafted his claims in a manner specifically designed to avoid asserting a federal claim, he was within his rights to do so.

Removing Defendants' argument that Plaintiff has failed to allege all the necessary elements of a failure to intervene claim under New York state law (*see* Dkt. 5 at ¶ 7) is also misplaced. The adequacy or inadequacy of Plaintiff's state law causes of action is not a federal question, which is what is required to invoke this Court's original jurisdiction. *See, e.g., H.M.G. v. Johnson*, 599 F. App'x 396, 398 (2d Cir. 2015) ("[T]he jurisdictional inquiry is ordinarily distinct from an assessment of the viability of the underlying claim[.]"). Plaintiff has chosen to pursue his failure to intervene claim under New York state law and the viability of that claim is a matter for the state court to determine.

Accordingly, the Court finds that it did not have original jurisdiction over Plaintiff's claims at the time of removal. Remand to state court is thus necessary.

The Court further agrees with Plaintiff that the notice of removal in this case was plainly untimely. A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Here, Removing Defendants were served with the original complaint in December of 2021, yet the notice of removal was not filed until April of 2022, far outside the statutory time frame.

Removing Defendants contend that the notice of removal is timely because Plaintiff's counsel "agreed to multiple extensions, and ultimately extended the time for Defendant [sic] to answer to March 4, 2022." (Dkt. 5 at ¶ 4). However, the deadline for filing an answer is wholly separate from the deadline for filing a notice of removal, and Removing Defendants have come forward with nothing to support the conclusion that Plaintiff consented to an extension of the latter; the email between counsel that they have filed refers solely to "the deadline to answer." (Dkt. 5-1 at 2).

Moreover, although the Second Circuit has not expressly opined on the matter, numerous federal courts have concluded that "the thirty-day time limitation to file a notice of removal must be strictly construed, and is not subject to an extension by consent of the parties or order of the Court." *JJJ Constructora y Agregados v. U.S. Fid. & Guar. Co.*, 554 F. Supp. 2d 100, 101 (D.P.R. 2006) (citation omitted and collection cases); *cf. Taylor v. Medtronic, Inc.,* 15 F.4th 148, 150 (2d Cir. 2021) ("Because statutory procedures for

- 6 -

removal are to be strictly construed, we resolve any doubts against removability." (quotation and alteration omitted)). The Second Circuit has observed that "the removal statute uses mandatory language requiring that the notice of removal '*shall* be filed within 30 days' after a defendant receives an initial pleading (or summons)" and that "nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses," *Taylor*, 15 F.4th at 152-53 (emphasis in original), which supports this conclusion. Removing Defendants have cited to nothing supporting their opposing contention that the parties could simply agree amongst themselves to extend the mandatory statutory filing deadline. Remand is accordingly also required on this basis.

## II. Request for Attorney's Fees and Costs

The Court turns next to Plaintiff's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). The key factor the Court considers in exercising its discretion is "the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "Although district courts retain the discretion to depart from those rules in unusual circumstances, a court's reasons for departing from the general rule should be faithful to the purposes of awarding fees under

§ 1447(c)." *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (quotation omitted).

Here, for the reasons already discussed, the Court finds that Removing Defendants lacked an objectively reasonable basis for seeking removal of this action. First, there is no federal question on the face of the amended complaint. Second, the notice of removal was plainly untimely filed. The Court also finds no reason to depart from the general rule set forth in *Martin*. The Court accordingly concludes that Plaintiff is entitled to attorney's fees and costs under § 1447(c), subject to the filing of an appropriate fee application by counsel within 30 days of entry of this Decision and Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand and for attorney's fees and costs (Dkt. 4) is granted and the matter is remanded to New York State Supreme Court, Monroe County. The Clerk of Court is directed to take all steps necessary to effectuate the remand. Plaintiff's counsel shall file a fee application within 30 days of entry of this Decision and Order. Removing Defendants shall have 20 days thereafter to file any response.

SO ORDERED.

                                                    ELIZABETH A. WOLFORD
                                                    Chief Judge
                                                    United States District Court

Dated: October 24, 2022
       Rochester, New York