UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMOND MEEKS,

            Plaintiff,

    v.

CITY OF ROCHESTER, ALEXIS ORTIZ,
TYLER COUCH, and JOHN DOE
POLICE OFFICERS 1-200,

            Defendants.
_____

**DECISION AND ORDER**

6:22-CV-6163 EAW

## INTRODUCTION

Plaintiff Demond Meeks ("Plaintiff") commenced this action on December 8, 2021, in New York State Supreme Court, Monroe County. (Dkt. 1 at ¶ 1). Defendants City of Rochester (the "City"), Alexis Ortiz ("Ortiz"), and Tyler Couch ("Couch") (collectively "Removing Defendants") filed a notice of removal on April 5, 2022. (Dkt. 1). On April 6, 2022, Plaintiff filed a motion to remand. (Dkt. 4). The Court entered a Decision and Order granting the motion to remand and awarding Plaintiff reasonable attorneys' fees and costs on October 24, 2022. (Dkt. 17). Plaintiff was ordered to submit documentation of the same, which he did on November 22, 2022, and presently before the Court is that application. (Dkt. 18).

## PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this matter on December 8, 2021. (Dkt. 1 at ¶ 1). Plaintiff filed an amended complaint on March 14, 2022. (Dkt. 4-7). Removing

Defendants filed the notice of removal on April 5, 2022. (Dkt. 1). Removing Defendants did not include with the notice of removal a copy of the amended complaint or the affidavits of service filed in state court.

On April 5, 2022, Removing Defendants filed an answer. (Dkt. 2). On April 6, 2022, they filed a letter enclosing a copy of the amended complaint and indicating that the original complaint had inadvertently been attached to the notice of removal. (Dkt. 3).

Plaintiff filed his motion to remand on April 6, 2022. (Dkt. 4). The Court granted the motion to remand on October 24, 2022, and awarded Plaintiff attorneys' fees and costs. (Dkt. 17). On November 22, 2022, Plaintiff filed the instant motion for attorneys' fees and costs. (Dkt. 18). Removing Defendants filed their response on December 5, 2022. (Dkt. 19).

## DISCUSSION

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005); *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (noting that § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). The key factor the Court considers in exercising its discretion is "the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." *Martin*, 546 U.S. at 141.  Here, the Court concluded that Removing Defendants lacked an objectively reasonable basis for seeking removal of this action and Plaintiff was entitled to attorneys' fees and costs under § 1447(c).  (*See* Dkt. 17 at 8).

"If the court determines that an award of fees is warranted, it must then 'determine what fee is reasonable.'"  *Capital2Market Consulting, LLC v. Camston Wrather, LLC,* No. 22 CIV. 7787 (VM), 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Under the "lodestar" approach, the Court calculates a "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours spent.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Oriska Corp. v. Highgate LTC Mgmt., LLC*, No. 121CV104 (MAD/DJS), 2022 WL 17475599, at *2 (N.D.N.Y. Dec. 6, 2022) ("Attorneys' fees are to be a 'reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.'" (quoting *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)).

To assess whether the lodestar is reasonable, the court can consider:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

> Other relevant case-specific variables include:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Browe v. CTC Corp.*, No. 2:15-CV-267, 2023 WL 2965983, at *4 (D. Vt. Apr. 17, 2023) (quotations and citations omitted)). "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020) (quotation and citation omitted).

In this case, Plaintiff's counsel, Elliot Shields, seeks a lodestar of $7,240.00. (*See* Dkt. 18-1 at ¶ 3). He indicates that the lodestar is calculated using his hourly rate of $550 for 13.5 hours of work; however, there is a mathematical error in this calculation because this would total $7,425.00. A review of the time records submitted reveals that for two time entries—3.3 hours on April 6, 2022 and .40 hours on April 18, 2022—the billable rate utilized is $500 rather than $550. (Dkt. 18-5 at 1). There being no explanation as to why two entries were billed at a different rate, the Court presumes this was an error and that Plaintiff's intended requested lodestar amount is $7,425.00.

With the foregoing principles in mind, the Court will examine the reasonableness of the hourly rate and hours requested.

**A. Hourly Rate**

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill*, 522 F.3d at 190). A starting place for an assessment of a reasonable hourly rate is the rate the attorney charges his or her paying clients. *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").

In most cases, in determining the reasonableness of the hourly rate, the Court will adhere to the "forum rule," "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 617-18 (E.D.N.Y. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009)); *see also Ortiz v. Stambach*, No. 1:16-CV-00321 EAW, 2023 WL 2058075, at *13 (W.D.N.Y. Feb. 17, 2023) ("There is a presumption that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally, and the burden is on the attorney seeking a higher rate to rebut that presumption."). However, courts need not strictly adhere to the forum rule in all cases and reasonable attorney fee rates may vary "depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Kindle v. Dejana*, 308 F.

Supp. 3d 698, 704 (E.D.N.Y. 2018) (quotation marks omitted); *cf. Casaccia v. City of Rochester,* No. 17-CV-6323-FPG-MJP, 2021 WL 4189707, at *2 (W.D.N.Y. Sept. 15, 2021) ("Inasmuch as the fee award here is a sanction, not because of a fee-shifting statute, the presumption of an in-forum hourly rate is less applicable."). But even where the forum rule presumption applies, a party may obtain higher out-of-district rates if there is "a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Sadowski v. Urbanspotlite LLC,* No. 122CV00887 (BKS/DJS), 2023 WL 2838376, at *5 (N.D.N.Y. Apr. 7, 2023) (quoting *Simmons,* 575 F.3d at 174).[1]

In calculating the lodestar amount, Plaintiff's counsel employed his Manhattan-

---

[1] While Plaintiff argues that the forum rule is inapplicable because fees and costs in this case were awarded as sanctions and not in connection with a fee-shifting statute, he does not cite any cases awarding fees pursuant to § 1447(c) to support this contention. Multiple cases within the Second Circuit have applied the forum rule to § 1447(c) fee awards and the Court sees no reason to depart from their analysis. *See, e.g., Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 269 (2d Cir. 2021) (determining hourly rate in §1447(c) award and noting that "in most cases, a reasonable hourly rate is comparable to prevailing rates for attorneys of similar skill, experience, and reputation in the local community"); *Oriska Corp. v. Highgate LTC Mgmt.*, LLC, No. 121CV104MADDJS, 2022 WL 17475599, at *2 (N.D.N.Y. Dec. 6, 2022) (considering prevailing in-district hourly rates on § 1447(c) fee award); *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019) (considering prevailing rates for attorneys in district in calculating reasonable hourly rate on § 1447(c) award); *Bader v. Costco Wholesale Corp.*, No. 18-CV-1304 (NG), 2019 WL 1075604, at *2 (E.D.N.Y. Mar. 7, 2019) (comparing requested hourly rates to rates awarded for lawyers with similar experience in the district on § 1447(c) fee motion); *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583, 591 (E.D.N.Y. 2017) (applying forum rule to fee application granted pursuant to § 1447(c)); *U.S. Bank Tr., N.A. v. Walbert*, No. 3:17-CV-00991 (CSH), 2017 WL 4613192, at *3 (D. Conn. Oct. 16, 2017) (same).

based hourly rate of $550 per hour. However, the prevailing hourly rate for an experienced attorney in a civil rights matter in this District is typically closer to $300 per hour. *See Ortiz*, 2023 WL 2058075, at *13 ("In the Western District of New York, the prevailing hourly rate for an experienced attorney in a civil rights matter is typically no more than $300 per hour, while less experienced attorneys typically have rates of no more $200 per hour."); *Warr v. Liberatore*, No. 13-CV-6508 MWP, 2022 WL 969528, at *5 (W.D.N.Y. Mar. 31, 2022) (collecting cases and finding, in civil rights action, that $350 per hour rate for experienced attorney was unreasonable and should be reduced to $295 per hour). Plaintiff acknowledges that his counsel's rates exceed customary rates in this District, but notes that rates approaching those sought by Plaintiff here have been approved, both in this District and in local state courts. *See, e.g., Casaccia*, 2021 WL 4189707, at *4 (in awarding fees pursuant to Fed. R. Civ. P. 37(c)(1)(A), finding that "retention of an out-of-district attorney for this case is reasonable, as is Mr. Shields's discounted hourly rate of $475.00").

Plaintiff argues that the out-of-district rates being sought are justified because Mr. Shields and his firm have demonstrated expertise in litigating excessive force cases involving law enforcement, and particularly, cases brought by individuals who were retaliated against for documenting and recording police officers perform their duties in public places. (Dkt. 18-4 at 7-8). Plaintiff contends that "he is unaware of any local Rochester firms that could have represented him in this case and given the political implications of seeking to reform the City and the RPD's policies and practices of retaliating against individuals like him who were lawfully recording officers perform their

duties in public places, he did not trust any local attorneys to represent him in this case." (*Id.* at 12).

The Court disagrees that the rates sought have been adequately justified. As an initial matter, the Court questions Plaintiff's contention that there are not any Rochester firms that could have competently represented Plaintiff in this matter and that political implications would have hindered any local firm from zealously advocating on his behalf. Plaintiff offers no details of any efforts he undertook to locate a local attorney. Moreover, even if true, Plaintiff proffers no explanation as to why he was required to select a Manhattan law firm rather than a law firm located in other parts of New York State. *See McGaffigan v. City of Rochester*, No. 21-CV-6545-FPG, 2023 WL 415098, at *3 (W.D.N.Y. Jan. 26, 2023) ("In this case, there is no evidence that Plaintiff would have been unable to find competent counsel located in other parts of the Western District—in particular, Buffalo—or in one of the many metro areas located in the Northern District, including Syracuse, Binghamton, or Albany. Indeed, there is no evidence that Plaintiff even attempted that search. As compared to Manhattan, all of those cities are geographically closer to Rochester and less expensive.").

In addition, while the Court has no doubt that Mr. Shields and his law firm have demonstrated expertise and a recognized reputation in civil rights litigation matters, the Court is not persuaded that Mr. Shields was uniquely qualified to represent Plaintiff in this matter. Mr. Shields himself does not possess decades of legal experience. Plaintiff's submission does not specify the exact length of time Mr. Shields has been practicing law, but it does note that he was in law school in 2011 (*see* Dkt. 18-4 at 8) and his law firm

website identifies him as an associate attorney and 2012 law school graduate. (*See* https://www.rothandrothlaw.com/attorneys/elliot-shields (last visited June 12, 2023)). The issues in this case were relatively straight-forward and not particularly complex, and the time and labor expended by counsel in this case with respect to the motion was not considerable. Accordingly, the Court is not persuaded that there was no in-district attorney capable of successfully handling the matter.

For these reasons, the Court agrees with recent cases in this District that have awarded Mr. Shields an hourly rate of $350 per hour. *See McGaffigan,* 2023 WL 415098, at *6 ("The Court concludes that $350 per hour is reasonable for all three of Plaintiff's attorneys [including Mr. Shields], notwithstanding their differences in experience. Although higher and lower rates have been awarded within the Western District, the Court finds that $350 per hour is appropriate for an experienced trial attorney in the area of civil-rights litigation."); *see also Gursslin v. City of Rochester*, 6:20-cv-06508-EAW-MJP, May 11, 2023 Decision and Order (Dkt. 80) (following *McGaffigan* and awarding Mr. Shields an hourly rate of $350). This rate adequately compensates Mr. Shields for his demonstrated experience and success in similar matters and is commensurate with prevailing rates in this District.

### B. Number of Hours

As noted, Plaintiff seeks compensation for 13.5 hours of legal fees.[2] Removing Defendants argue that this amount of time was excessive because the motion to remand

---

[2] Although Removing Defendants criticize the time it took Plaintiff's counsel to prepare the fee application (Dkt. 19 at ¶ 7 ("There is also no compelling explanation as to

"for an experienced attorney should be largely *pro forma* and succinct." (Dkt. 19 at ¶ 6). They also contend that there is "no justifiable reason" that Plaintiff's counsel should be permitted to recoup time spent speaking to his client or "strategizing" and "discussing" the matter with a more senior attorney. (*Id.* at ¶ 11).

The Court disagrees. "In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quotation omitted). An attorney spending 13.5 hours preparing a successful motion to remand is not unreasonable, nor is it unreasonable for an attorney to include time spent strategizing with a client or more senior attorney, particularly where the time for those entries were not excessive or duplicative.

Nor is the Court's analysis altered by the fact that on April 13, 2022, Removing Defendants agreed to remand the matter back to state court if Plaintiff withdrew his application for legal fees. As was reflected in the Court's Decision and Order, the removal of this case was not only untimely, but lacked a valid basis to authorize removal and the law provides for the award of attorneys' fees incurred in such an instance. That Removing Defendants conditioned their consent to remand on Plaintiff giving up his right to seek fee

---

why producing an Affidavit and contemporaneously logged time records required approximately six (6) hours of time."), Plaintiff's counsel expressly noted that he was voluntarily waiving the recovery of 4.9 hours spent drafting the fee application and 1.2 hours a senior partner at his firm spent reviewing and editing the fee application (Dkt. 18-1 at ¶ 3). The Court therefore rejects Removing Defendants' argument as to these particular entries.

reimbursement after his counsel had incurred over nine hours of work on the matter does not warrant a reduction in the amount of fees sought.

For these reasons, the Court concludes that Plaintiff is entitled to reimbursement of legal fees for 13.5 hours at a rate of $350 an hour, for a total of $4,725.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application for attorneys' fees and costs, awarding a reduced out-of-district rate of $350 per hour for 13.5 hours billed for a total of $4,725.00.  Removing Defendants are directed to make this payment within 30 days.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 12, 2023
       Rochester, New York